1  Sophia Rios (SBA 305801)
2  BERGER MONTAGUE PC
   401 B Street, Suite 2000
3  San Diego, CA 92101
   Tel: (619) 489-0300
4  srios@bm.net

5  [additional counsel listed on signature page]

6  *Attorneys for Plaintiff and the Proposed Collective and Class*

7

8           **IN THE UNITED STATES DISTRICT COURT**
         **FOR THE EASTERN DISTRICT OF CALIFORNIA**
9                  **SACRAMENTO DIVISION**

10 | DWAYNE AUSTIN, individually and on behalf of all persons similarly situated, | : | Civil Action No.:
11 | | : |
   | | : |
12 | Plaintiff, | : | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR**
   | | : |
13 | v. | : | 1.  Violation of the FLSA: Failure to Properly Pay Courier Drivers
14 | FINISHLINE EXPRESS LLC and DHL EXPRESS (USA) INC. d.b.a. DHL EXPRESS, | : | 2.  Failure to Provide Regular Pay/Minimum Wages
15 | | : | 3.  Failure to Provide Overtime Premium Pay
16 | | : |
17 | Defendants. | : | 4.  Failure to Authorize, Permit and/or Make Available Meal Periods
18 | | : | 5.  Failure to Authorize, Permit and/or Make Available Rest Periods
19 | | : | 6.  Failure to Provide and Maintain Accurate and Compliant Wage Records
20 | | : | 7.  Unlawful Deductions from Wages
21 | | : | 8.  Waiting Time Penalties
   | | : | 9.  Violation of California's Unfair Business Practices
22 | | : | 10. Penalties Pursuant to § 2699(a) of the Private Attorneys General Act
23 | | : | 11. Penalties Pursuant to § 2699(f) of the Private Attorneys General Act
24 | | : |
25 | | : | **JURY TRIAL DEMANDED**
26 | | : |
27

28

---

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Dwayne Austin ("Plaintiff"), through his undersigned counsel, individually, and on behalf of all persons similarly situated, files this Class and Collective Action Complaint ("Complaint") against Defendants Finishline Express ("Finishline") and DHL Express (USA) Inc. d.b.a. DHL Express ("DHL") (collectively, "Defendants") seeking all available remedies under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the Private Attorneys General Act ("PAGA") of the California Labor Code. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**INTRODUCTION**

1.      Defendant Finishline provides last-mile delivery services to Defendant DHL.

2.      Defendants jointly employ non-exempt Courier Drivers, such as Plaintiff and members of the proposed Collective and Class, to transport packages from DHL's facilities to DHL's customers ("Courier Drivers").

3.      This case is about Defendants' failure to comply with applicable wage and hour laws and to pay non-exempt Courier Drivers for all time worked – including overtime – as was required to deliver hundreds of DHL packages each day and meet DHL's delivery needs throughout California and potentially other states.

4.      More specifically, Courier Drivers were not: 1) provided meal breaks; 2) provided rest breaks; 3) paid for all hours actually worked; 4) paid for all overtime hours actually worked; 5) provided accurate wage statements, including all hours actually worked; and 6) paid for all wages owed.

5.      California Labor Code §§ 2698, *et seq.*, grant California employees the right to bring a civil action for violation of any provision of the Labor Code on behalf of themselves and other current or former employees to recover civil penalties. In passing PAGA, the California Legislature "declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private

CLASS AND COLLECTIVE ACTION COMPLAINT

attorneys general, to recover civil penalties for Labor Code violations." *Arias v. Super. Ct.*, 46 Cal. 4th 969, 980 (2009).

6.     PAGA permits aggrieved employees to collect the civil penalties authorized by law and normally collectible by the Labor and Workforce Development Agency ("LWDA") or any of its departments or divisions. *See* Cal. Lab. Code § 2699(a). However, because the action is brought on behalf of the state, 75% of the fees collected are distributed to the LWDA for the enforcement of labor laws and for the education of employers and employees. The remaining 25% is shared between the aggrieved employees. *See* Cal. Lab. Code § 2699(i).

7.     PAGA provides that any civil penalty assessed and collected by the LWDA for violations of applicable provisions of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

8.     California Labor Code § 2699.3 governs PAGA actions for civil penalties arising from violations of California Labor Code §§ 201-203, 226, 510, 1174, 1182.11, 1194, 1197, and 1198, which provisions require employers to: pay employees for all hours worked; to pay employees no less than one-and-one-half times their regular rate of pay for all hours worked over eight in a work day or over forty in a work week; to provide employees with timely, accurate, itemized wage statements; and to pay all outstanding wages immediately when an employee quits or is discharged.

9.     Pursuant to Labor Code § 2699.3(a)(1)(A), before commencing a civil action, an aggrieved employee must first give notice by online filing with the LWDA and by certified mail to the employer of the alleged violations, including the facts and theories supporting the allegations. If the LWDA fails to investigate the alleged violations within sixty-five calendar days of the date of the notice, then the aggrieved employee may file a civil action to seek penalties.

10.    On August 24, 2021, Plaintiff provided written notice of these alleged violations, including the facts and theories supporting his allegations, to the LWDA via online submission,

CLASS AND COLLECTIVE ACTION COMPLAINT

1   with a certified copy mailed to Defendants. More than sixty-five calendar days have passed since

2   the date notice was provided to the LWDA and Defendants. Accordingly, Plaintiff has satisfied

3   the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil

4   penalties against Defendants for violations of California Labor Code §§ 201-203, 226, 510, 1174,

5   1182.11, 1194, 1197, 1198.

**JURISDICTION AND VENUE**

7   11.    The FLSA authorizes a private right of action to recover damages for violation of

8   its wage and hour provisions. 29 U.S.C. § 216(b). California Labor Code §§ 2698 *et seq*. grant

9   California employees the right to bring a civil action for violation of any provision of the Labor

10  Code on behalf of themselves and other current or former employees to recover civil penalties.

11  This Court has federal question jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331

12  and supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a).

13  12.    Venue is proper in the Eastern District of California because Defendants are

14  subject to personal jurisdiction in this District.

15  13.    Defendant Finishline is subject to personal jurisdiction before this Court because

16  it has purposefully availed itself of the privileges of conducting activities throughout the State

17  of California and established minimum contacts sufficient to confer jurisdiction. Finishline

18  transacts business in California, advertises in California, and markets to California consumers.

19  The violations of the law forming the basis of this lawsuit occurred in California. Further,

20  Finishline employs California residents. Therefore, the assumption of jurisdiction over

21  Finishline will not offend traditional notions of fair play and substantial justice and is consistent

22  with the constitutional requirements of due process. Finishline also had and continues to have

23  continuous and systematic contacts with the State of California sufficient to establish general

24  jurisdiction over it.

25  14.    Defendant DHL is subject to personal jurisdiction before this Court because it has

26  purposefully availed itself of the privileges of conducting activities throughout the State of

27  California and established minimum contacts sufficient to confer jurisdiction. DHL transacts

28  business in California, advertises in California, and markets to California consumers. The

4

CLASS AND COLLECTIVE ACTION COMPLAINT

1    violations of the law forming the basis of this lawsuit occurred in California. Further, DHL

2    employs California residents. Therefore, the assumption of jurisdiction over DHL will not offend

3    traditional notions of fair play and substantial justice and is consistent with the constitutional

4    requirements of due process. DHL also had and continues to have continuous and systematic

5    contacts with the State of California sufficient to establish general jurisdiction over it.

6                                                       **PARTIES**

7            15.     Plaintiff Dwayne Austin is a citizen of California and resides in Sacramento,

8    California. Plaintiff Austin worked for Defendants as a Courier Driver in Sacramento, California

9    from approximately July 2019 to August 2020. Pursuant to 29 U.S.C. § 216(b), Plaintiff Austin

10   has consented to be a plaintiff in this action. *See* Ex. A.

11          16.     Defendant Finishline Express LLC ("Finishline") is a limited liability company

12   organized under the laws of California with principal offices in Tracy, California.

13          17.     Defendant DHL Express (USA) Inc. d.b.a. DHL Express ("DHL") is an Ohio

14   corporation and is headquartered at DHL's corporate office in Plantation, FL. DHL operates

15   throughout the United States and maintains facilities across California including, without

16   limitation, in Sacramento and Tracy.

17          18.     The unlawful acts alleged in this Complaint were committed by Defendants

18   and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the

19   management of Defendants' businesses or affairs and with the authorization of the Defendants.

20          19.     During times relevant, Plaintiff was an employee of the Defendants and is

21   covered by the FLSA.

22          20.     Defendants are employers covered by the FLSA.

23          21.     Defendants employ individuals, including Courier Drivers, in California and

24   potentially other states.

25          22.     Defendants employ individuals engaged in commerce or in the production of

26   goods for commerce and/or handling, selling, or otherwise working on goods or materials that

27   have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-

28   207.

CLASS AND COLLECTIVE ACTION COMPLAINT

23.     Defendants' annual gross volume of sales exceeds $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

24.     Plaintiff Austin brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action, individually, and on behalf of the following collective:

> All current and former Courier Drivers or delivery drivers who were paid by Defendant Finishline to deliver packages for DHL in the United States during the applicable limitations period (the "FLSA Collective").

25.     Plaintiff Austin brings Counts II though IX of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current and former Courier Drivers or delivery drivers who were paid by Defendant Finishline to deliver packages for DHL in California during the applicable limitations period (the "California Class").

26.     Plaintiff Austin brings Counts X and XI of this lawsuit on behalf aggrieved employees who are current or former Courier Drivers or delivery drivers who were paid by Defendant Finishline to deliver packages for DHL in California during the applicable limitations period.

27.     The FLSA Collective, the California Class, and the Aggrieved Employees are together referred to as the "Classes."

28.     Plaintiff reserves the right to redefine the Classes prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTS

### Defendants Are Joint Employers

29.     Defendant DHL is the world's leading logistics company, with a team of shipping professionals that transport goods to customers across the United States, as well as in other countries and territories, in a short period of time.

30.     Defendant DHL holds itself out as a company able to provide domestic and international parcel pickup, delivery, and return solutions for business customers and individual customers, as well as e-commerce solutions and facilitation services.

31.     Defendant DHL and the local and regional delivery vendors it partners with, such

as Defendant Finishline, are in the business of delivering goods across the United States.

32.     Defendant DHL utilizes local and regional delivery vendors, such as Finishline, to transport goods across the country to customers in a short period of time.

33.     Defendant DHL relies on local and regional delivery vendors, such as Finishline, for the essential services of transporting goods from DHL facilities to customers' doors as quickly as possible.

34.     The local and regional delivery vendors, such as Finishline, are an integral part of DHL's business. Without the use of delivery vendors, such as Finishline, DHL could not get their goods to customers.

35.     Defendant DHL attempts to shield itself from liability by utilizing third-party delivery vendors, such as Finishline, to provide the employees to transport their goods.

36.     Defendant Finishline provides delivery services for Defendant DHL at one or more of DHL's ServicePoint locations through the use of Courier Drivers such as Plaintiff and members of the proposed Collective and Class.

37.     Courier Drivers are engaged to fulfill DHL's delivery needs and to transport goods from DHL ServicePoint locations to DHL customers.

38.     Courier Drivers work in the transportation industry.

39.     As required by DHL, Finishline provides Courier Drivers, such as Plaintiff and other Courier Drivers, with a DHL-branded vehicle, as seen below:



CLASS AND COLLECTIVE ACTION COMPLAINT

40.     Plaintiff Austin was hired in or around July 2019 and worked as a Courier Driver for Finishline until in or around August 2020 in one of DHL's California ServicePoints, making deliveries on behalf of DHL.

41.     Plaintiff Austin worked out of DHL's ServicePoint located at 10300 Truemper Way, Sacramento, CA 95655.

42.     The goods that Courier Drivers transport from DHL ServicePoint locations to DHL customers originate, or are transformed into their final condition, in a different state than the delivery state.

43.     The goods the Courier Drivers transport from DHL ServicePoint locations to DHL customers are not transformed or modified during the shipping process.

44.     Courier Drivers deliver goods to DHL customers in the same condition as when they were shipped to the DHL ServicePoint.

45.     Courier Drivers deliver goods to DHL customers that were shipped from around the United States.

46.     Courier Drivers operate vehicles in order to deliver DHL packages, which is vital to the commercial enterprise of the local and regional delivery vendors and DHL.

47.     Plaintiff and other Courier Drivers are necessary in order for DHL goods traveling interstate to make it to their final destination – DHL customers.

48.     At all times relevant, DHL has been affiliated with and/or operating with Finishline, with respect to Plaintiffs and other similarly situated employees, such that DHL and Finishline are "joint employers" of Plaintiff and other similarly situated employees.

49.     When Courier Drivers present themselves to DHL customers, they are identifiable as DHL associates.

50.     When Courier Drivers present themselves to DHL customers, they are identifiable as DHL associates.

51.     Courier Drivers are provided with a DHL-issued handheld scanner. The handheld scanner is used for navigation assistance, package scanning, and as a phone. The scanner allows DHL to contact and track a Courier Driver's movement and work progress.

52.     DHL has direct access to the handheld scanners, which are given to and used by each Courier Driver.

53.     DHL sets the delivery routes that are to be completed by Courier Drivers.

54.     DHL assigns and provides routes to local and regional delivery vendors, including Finishline.

55.     DHL oversees and controls the work activities, work schedules, conditions and management of Courier Drivers.

56.     Throughout their employment with Defendants, Courier Drivers are required to comply with DHL's operational procedures and in meeting DHL's work expectations.

57.     Although DHL does not directly pay Courier Drivers, its policies and expectations regarding payment and delivery goals dictated the delivery vendors' ability to pay Courier Drivers properly for their overtime work.

**The Nature of Plaintiff's and Other Courier Drivers' Work**

58.     The nature of the work performed by Courier Drivers is similar and standardized at each of the DHL ServicePoints where Finishline provides services for DHL, as the nature of the work is centrally controlled and directed by Defendants.

59.     Plaintiff Austin and other Courier Drivers began their shifts at a designated DHL ServicePoint, where they picked up their assigned van, a handheld scanning device, a route sheet, and packages.

60.     Plaintiff and other Courier Drivers were regularly required to clock-in at the DHL ServicePoint at approximately 8:00 am on Monday mornings.

61.     Plaintiff and other Courier Drivers were regularly required to clock-in at the DHL ServicePoint at approximately 10:00 am on all other workdays.

62.     Upon information and belief, Plaintiff and other Courier Drivers were prohibited from clocking in at any time preceding their scheduled shift start times, regardless of whether they began working prior to that time.

63.     In order to meet the work demands and expectations imposed by Defendants, Plaintiff routinely began working approximately 15 minutes prior to the start of his scheduled

shift. During this time, Plaintiff set up his van, prepped gas cards and daily routes to be distributed, and staged the conveyor belt while off-the-clock. Defendants were aware or should have been aware that the pre-shift work performed by Plaintiff was compensable and should have been recorded.

64.     Plaintiff observed that other Courier Drivers were also subject to the same policies and practices, and also began working prior to the start of their scheduled shifts. Defendants were not only aware of and permitted this practice, but the work schedules and conditions imposed by Defendants effectively required this practice.

65.     Plaintiff and other Courier Drivers were regularly scheduled to work five (5) to six (6) days per week, with shifts that exceeded eight (8) hours in length each day.

66.     Plaintiff was scheduled to work a six-day workweek every other week. Plaintiff observed that other Courier Drivers worked similar schedules.

67.     Upon information and belief, Plaintiff and other Courier Drivers were required to complete all assigned routes regardless of the length of their shifts.

68.     Upon information and belief, all of the work-related activities that Plaintiff and other Courier Drivers are and/or were required to and do perform often took eight (8) or more hours per day to complete.

69.     Plaintiff regularly worked in excess of eight (8) hours each workday, sometimes as much as ten (10) hours per workday. Plaintiff observed that other Courier Drivers routinely worked similar hours.

70.     Plaintiff regularly worked in excess of forty (40) hours per week. Plaintiff observed that other Courier Drivers routinely worked similar hours.

71.     Plaintiff regularly worked forty-five (45) to fifty-five (55) hours per week. Plaintiff observed that other Courier Drivers routinely worked similar hours.

72.     Defendants unilaterally selected the parcels and quantity of parcels to be delivered by Plaintiff and each Courier Driver each workday. Plaintiff and other Courier Drivers could not reject delivery assignments.

73.     Upon returning to the DHL ServicePoint, Plaintiff and other Courier Drivers had

1   to unload their vans and check in with DHL supervisors concerning the day's route.

2   74.   Due to the volume of work, Plaintiff was unable to take rest breaks and routinely

3   worked through his meal period. Plaintiff observed that other Courier Drivers routinely worked

4   through their rest breaks and meal period.

5   75.   Plaintiff and other Courier Drivers were required to work in excess of five

6   consecutive hours a day without being provided a thirty (30) minute, continuous and

7   uninterrupted, duty-free meal period for every five (5) hours of work.

8   76.   Defendants also failed to authorize and permit Plaintiff and other Courier Drivers

9   to take timely and duty-free rest periods. Defendants regularly required Plaintiff and other

10  Courier Drivers to work in excess of four (4) consecutive hours a day without allowing Plaintiff

11  and other Courier Drivers to take a ten (10) minute, continuous and uninterrupted rest period

12  every four (4) hours.

13  77.   Defendants were aware that Plaintiff worked through his rest periods and meal

14  breaks. DHL supervisors routinely instructed Plaintiff to inaccurately report that he took a meal

15  break even though Plaintiff made it known that he had worked through his rest periods and meal

16  breaks.

17  78.   Plaintiff observed that other Courier Drivers routinely worked similar schedules.

18  Defendants were not only aware of and permitted this practice, but the work schedules and

19  conditions imposed by Defendants effectively required this practice.

20  79.   Plaintiff and other Courier Drivers are non-exempt for overtime purposes.

21  **Defendants Failed to Pay Courier Drivers Properly**

22  80.   The FLSA and applicable state law generally requires an employer, such as

23  Defendants, to compensate employees for hours worked in excess of forty (40) hours "at a rate

24  not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1). *See also,*

25  *e.g.*, California Labor Code § 510(a) (". . . Any work in excess of eight hours in one workday

26  and any work in excess of 40 hours in any one workweek and the first eight hours worked on the

27  seventh day of work in any one workweek shall be compensated at the rate of no less than one

28  and one-half times the regular rate of pay for an employee . . .").

81.    Plaintiff and other Courier Drivers regularly worked more than forty (40) hours per week.

82.    Plaintiff and other Courier Drivers regularly worked five (5) to six (6) days per week.

83.    Defendants were aware that Plaintiff and other Courier Drivers worked more than forty (40) hours per week.

84.    Defendants did not compensate Plaintiff and other Courier Drivers for all hours worked.

85.    Defendants did not pay Plaintiff or other Courier Drivers for all hours worked in excess of forty (40) hours in a workweek and did not pay proper overtime premiums.

86.    Defendants did not accurately record and track all of the hours worked by Plaintiff and other Courier Drivers and therefore failed to compensate Plaintiff and the potential Class Members at one and one-half (1 ½) times the regular rate of pay for hours worked over forty (40) hours in a workweek.

87.    Plaintiff and Courier Drivers were not paid for all hours worked and were not paid overtime, as required by law.

**<u>The Failure to Properly Pay Courier Drivers Is Willful</u>**

88.    Defendants' actions in violation of the FLSA and state law were or are made willfully in an effort to avoid liability under the FLSA and state law.

89.    Even though the FLSA and applicable state law requires overtime premium compensation for hours worked over forty hours per week, Defendants do not pay Courier Drivers, such as Plaintiff, proper overtime compensation for overtime hours worked.

90.    Defendants knew, or absent their own recklessness should have known, that the Courier Drivers were entitled to such overtime premiums.

91.    Defendants failed to pay Plaintiff and other Courier Drivers all overtime compensation owed.

CLASS AND COLLECTIVE ACTION COMPLAINT

92.     By failing to pay all the compensation owed to Plaintiff and other Courier Drivers, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and state law.

93.     Defendants have not made good faith efforts to comply with the FLSA and applicable state law.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

94.     Plaintiff Austin brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

95.     Plaintiff Austin desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

96.     Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

97.     Specifically, Defendants failed to compensate Plaintiff for all hours worked and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

98.     The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

99.     Defendants employ many FLSA Collective Members throughout California and potentially other states. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or,

1   alternatively, interest), and attorneys' fees and costs under the FLSA.

2   **CLASS ACTION ALLEGATIONS**

3   100.   Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on

4   behalf of himself and the California Class as defined above.

5   101.   The members of the California Class are so numerous and dispersed that joinder

6   of all the members is impracticable. Upon information and belief, there are more than seventy

7   (70) members in the California Class.

8   102.   Plaintiff will fairly and adequately represent and protect the interests of the

9   California Class because there is no conflict between the claims of Plaintiff and those of the

10  California Class, and Plaintiff's claims are typical of the claims of the California Class.

11  Plaintiff's undersigned counsel is competent and experienced in litigating class actions and other

12  complex litigation matters, including wage and hour cases like the one at bar.

13  103.   There are questions of law and fact common to the proposed California Class,

14  which predominate over any questions affecting only individual Class members, including,

15  without limitation: whether Defendants violated and continue to violate California state law

16  through their policies and practices of not paying their Courier Drivers for all hours worked and

17  overtime compensation.

18  104.   Plaintiff's claims are typical of the claims of the California Class in the following

19  ways, without limitation: (a) Plaintiff is a member of the California Class; (b) Plaintiff's claims

20  arise out of the same policies, practices and course of conduct that form the basis of the claims

21  of the California Class; (c) Plaintiff's claims are based on the same legal and remedial theories

22  as those of the California Class and involve similar factual circumstances; (d) there are no

23  conflicts between the interests of Plaintiff and the California Class; and (e) the injuries suffered

24  by Plaintiff are similar to the injuries suffered by the California Class members.

25  105.   Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions

26  of law and fact common to the California Class predominate over any questions affecting only

27  individual Class members. Class action treatment is superior to the alternatives for the fair and

28  efficient adjudication of the controversy alleged herein. Such treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The California Class are readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying adjudications with respect to individual California Class members that would establish incompatible standards of conduct for Defendants.

106.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the California class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

107.    Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiffs and the California Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**FIRST CAUSE OF ACTION**
**Violation of the FLSA: Failure to Properly Pay Courier Drivers**
**(On Behalf of Plaintiff and the FLSA Collective)**

108.    All previous paragraphs are incorporated as though fully set forth herein.

109.    The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he or she is employed.  *See* 29 U.S.C. § 207(a)(1).

110.    Defendants are subject to the wage requirements of the FLSA because each of the Defendants is an "employer" under 29 U.S.C. § 203(d).

111.    At all relevant times, each of the Defendants was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

112.    During all relevant times, Plaintiff and Collective Members were covered

1   employees entitled to the above-described FLSA protections.  *See* 29 U.S.C. § 203(e).

2   113.   Plaintiff and Collective Members are not exempt from the requirements of the

3   FLSA.

4   114.   Plaintiff and Collective Members are entitled to be paid overtime compensation

5   for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and

6   29 C.F.R. § 778.112.

7   115.   Defendants knowingly failed to properly compensate Plaintiff and Collective

8   Members for all hours worked when they worked in excess of forty (40) hours per week and

9   failed to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular

10  hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

11  116.   Defendants also failed to create, keep, and preserve accurate records with respect

12  to work performed by the Plaintiff and Collective Members sufficient to determine their wages,

13  hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c);

14  29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

15  117.   In violating the FLSA, Defendants acted willfully and with reckless disregard of

16  clearly applicable FLSA provisions.

17  118.   Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally

18  fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for

19  unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the

20  unpaid wages.

**SECOND CAUSE OF ACTION**
**Failure to Provide Regular Pay/Minimum Wages**
**Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1;**
**Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiff and the California Class)**

24  119.   All previous paragraphs are incorporated as though fully set forth herein.

25  120.   During the applicable statutory period, California Labor Code §§ 1182.11,

26  1182.12 and 1197, and the IWC Minimum Wage Order were in full force and effect and required

27  that Defendants' hourly employees receive the minimum wage for all hours worked.

28  121.   Section 2(H) of IWC Wage Order No. 9-2001 defines "hours worked" as "the

time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

122. California Labor Code § 1194(a) provides as follows: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit."

123. California Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

124. California Labor Code section 1197.1 provides, in part: "(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty, restitution of wages, and liquidated damages payable to the employee. . . ."

125. As alleged throughout, Plaintiff and California Class members were not compensated for all hours worked – potentially for several hours per week.

126. Plaintiff and California Class Members did not enter into legally binding agreements with Defendants to work for a lesser wage.

127. Defendants' conduct, as alleged herein, violates the aforementioned regulations because throughout the applicable time period, Defendants' policies, practices and procedures resulted in a failure to compensate Plaintiff and California Class Members for all hours worked.

128. As alleged in more detail above, Defendants' standardized policies, practices and procedures resulted in Plaintiff and California Class Members being denied regular pay/minimum wages for regular hours worked by, *inter alia*, requiring them to work hours off the clock in order to complete their mandated job duties.

129. Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages

because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

130.   As a direct and proximate result of Defendants' unlawful acts and/or omissions, as alleged herein, Plaintiff and California Class Members have been deprived, and continue to be deprived, of regular pay and mandated minimum wages for regular hours worked in an amount to be determined at trial, are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

131.   Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Provide Overtime Premium Pay**
**Cal. Lab. Code §§ 200, 510, 1194, 1194.2; Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiff and the California Class)**

132.   All previous paragraphs are incorporated as though fully set forth herein.

133.   California Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. . . .

134.   California Labor Code § 1194 provides as follows: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum or overtime compensation."

135.   California Labor Code § 200 defines wages as "all amounts for labor performed

by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

136.    Pursuant to California Labor Code § 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

137.    Section 3(A) of IWC Wage Order No. 9-2001 provides in pertinent part: ". . . employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek."

138.    Defendants' conduct, as alleged herein, violates the aforementioned regulations because Defendants failed to properly compensate Plaintiff and California Class Members applicable overtime premium pay for hours worked in excess of eight (8) hours per workday, forty (40) hours per workweek, and/or hours worked on the seventh consecutive day in a workweek.

139.    As alleged in more detail above, Defendants' policies, practices and procedures denied Plaintiff and California Class Members proper overtime premium compensation for overtime hours worked by, *inter alia*, requiring them to work extended hours in order to complete their job duties.

140.    As a direct and proximate result of the aforementioned violations, Defendants damaged Plaintiff and the California Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

141.    Accordingly, Plaintiff and California Class Members are entitled to recover, and hereby seek, the unpaid balance of the full amount of deprived overtime premium pay earned for overtime hours worked, pre- and post-judgment interest, applicable penalties, attorneys' fees, costs of suit, and any further equitable relief this Court may deem just and proper. *See* Cal. Lab. Code § 1194; *see also*, Cal. Civ. Proc. Code § 1021.5.

142.    Wherefore, Plaintiff and the California Class request relief as hereinafter

provided.

### FOURTH CAUSE OF ACTION
**Failure to Authorize, Permit and/or Make Available Meal Periods**
**Cal. Lab. Code §§ 218.5, 218.6, 226.7, 512, 558.1; Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiff and the California Class)**

143.    All previous paragraphs are incorporated as though fully set forth herein.

144.    California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendants to authorize, permit, and/or make available timely and compliant meal and rest periods to its employees. Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty (30) minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes. Section 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten (10) minutes of net rest time per four (4) hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

145.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize and permit a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

146.    Pursuant to California Labor Code § 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

147.    Section 11 of IWC Wage Order No. 9-2001 provides in pertinent part:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes . . .

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.

148.    Despite these requirements, Defendants failed to authorize and permit Plaintiff and California Class Members to take the timely and compliant off-duty meal periods to which they are entitled. Plaintiff and the California Class Members routinely worked through their meal periods.

149.    Relatedly, despite failing to provide Plaintiff and California Class Members lawful uninterrupted off-duty meal periods, Defendants' standardized policies, practices and procedures systematically denied Plaintiff and California Class Members proper premium pay at the rate of one (1) hour of pay at their regular pay rates for each non-compliant meal period.

150.    Accordingly, Plaintiff and California Class Members seek compensation for Defendants' failure to authorize and permit meal periods, plus interest, attorneys' fees, expenses, and costs of suit, and further request relief as hereafter provided.

151.    Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Authorize, Permit and/or Make Available Rest Periods**
**Cal. Lab. Code §§ 226.7, 218.5, 218.6, 512, 558.1; Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiff and the California Class)**

152.    All previous paragraphs are incorporated as though fully set forth herein.

153.    California Labor Code § 226.7 and the applicable Wage Orders require employers to authorize and permit employees to take ten (10) minutes of net rest time per four (4) hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

CLASS AND COLLECTIVE ACTION COMPLAINT

154.     Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize and permit a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

155.     The Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

156.     Sections 12(A) and 12(B) of IWC Wage Order No. 9-2001 provide in pertinent part:

> (A) Every employer shall authorize and permit all employees to take rest periods . . . The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

157.     Despite these requirements, Defendants failed to authorize and permit Plaintiff and California Class Members to take the timely and compliant off-duty rest periods to which they are entitled. Plaintiff and the California Class Members were routinely denied rest periods.

158.     Relatedly, despite failing to provide Plaintiff and California Class Members lawful uninterrupted off-duty rest periods, Defendants' standardized policies, practices and procedures systematically denied Plaintiff and California Class Members proper premium pay at the rate of one (1) hour of pay at their regular pay rates for each non-compliant rest period.

159.     Defendants also failed to pay Plaintiff and the California Class one (1) hour of pay for each untimely, non-compliant rest period.

160.     Accordingly, Plaintiff and California Class Members seek compensation for Defendants' failure to authorize and permit rest periods, plus interest, attorneys' fees, expenses, and costs of suit, and further request relief as hereafter provided.

161.     Wherefore, Plaintiff and the California Class request relief as hereinafter

CLASS AND COLLECTIVE ACTION COMPLAINT

provided.

## SIXTH CAUSE OF ACTION
### Failure to Provide and Maintain Accurate and Compliant Wage Records
### Cal. Lab. Code §§ 226
### (On Behalf of Plaintiff and the California Class)

162. All previous paragraphs are incorporated as though fully set forth herein.

163. California Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

164. California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

165.    Defendants failed to provide complete and accurate itemized wage statements to Plaintiff and the California Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.

166.    Defendants' failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional.

167.    Plaintiff and the California Class suffered injury as a result of Defendants' knowing and intentional failure to provide timely, accurate itemized wage statements to Plaintiff and the California Class in accordance with Labor Code § 226(a). In particular, the injury stemming from Defendants' violations is evidenced by this live and active dispute regarding unpaid wages, including overtime pay, between the Parties. As a result of Defendants' violations, Plaintiff and the California Class are required to undertake the difficult and costly task of attempting to reconstruct Defendants' incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

168.    Defendants are liable to Plaintiff and the California Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff and the California Class are entitled to an award of attorneys' fees and costs as set forth below and herein.

169.    Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Unlawful Deductions from Wages**
**Cal. Lab. Code §§ 221, 224**
**(On Behalf of Plaintiff and the California Class)**

170.    All previous paragraphs are incorporated as though fully set forth herein.

171.    California Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to employee."

172.    California Labor Code § 221 and related statues, along with California's

CLASS AND COLLECTIVE ACTION COMPLAINT

fundamental public policy protecting wages, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; or taking other unpredictable deductions that may impose a special hardship on employees.

173. California Labor Code § 224 provides, in part, that an employer can lawfully withhold an employee's wages *only when* "the employer is required or empowered so to do by state or federal law or when a deduction is expressly authorized in writing by the employee to cover insurance premiums, hospital or medical dues, or other deductions . . . ." Labor Code § 224 clearly prohibits any deduction from an employee's wages which is not either authorized by the employee in writing or permitted by law.

174. Despite these requirements, Defendants knowingly and willfully failed to comply with Labor Codes §§ 221 and 224 by making unauthorized and unlawful deductions to the wages rightfully earned and owing to Plaintiff and the California Class Members. In particular, the injuries committed unto Plaintiff and California Class Members stem from Defendants' automatic deductions for unauthorized and unsolicited health insurance premiums.

175. Furthermore, Defendants committed additional injuries unto Plaintiff and the California Class Members by making unlawful deductions to their wages to recover amounts previously overpaid due to the negligence of Defendants and for which the Plaintiff and California Class Members bore no fault.

176. Defendants are liable to Plaintiff and the California Class Members alleged herein for the unlawful deductions in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff and the California Class are entitled to an award of attorneys' fees and costs as set forth below and herein.

177. Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
**Waiting Time Penalties**
**Cal. Lab. Code §§ 201-203**
**(On Behalf of Plaintiff and the California Class)**

178.   All previous paragraphs are incorporated as though fully set forth herein.

179.   California Labor Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

180.   California Labor Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

181.   California Labor Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

182.   Plaintiff and some of the California Class Members have left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time spent working through their meal and rest breaks, from time spent outside of their scheduled and paid shifts performing other work-related activities, and overtime compensation that was not accounted for in the performance of off-the-clock work.

183.   Defendants willfully refused, and continues to refuse, to provide Plaintiff and the California Class with meal and rest period premium pay and with payment for off-the-clock work performed. Defendants are aware that Plaintiff and the California Class regularly miss or have interrupted their meal and rest breaks as a result of Defendants' unlawful policies and practices, but Defendants nevertheless refuse to authorize premium pay for missed or interrupted meal and

rest periods. Likewise, as alleged above, although Defendants knew, and continue to know, that Plaintiff and the California Class performed required off-the-clock work, Defendants still refuse to pay Plaintiff and the California Class for the off-the-clock work performed.

184.    As such, Defendants willfully refused and continue to refuse to pay Plaintiff and those members of the California Class that left their employment with Defendants all the wages that were due and owing them upon the end of their employment. As a result of Defendants' actions, Plaintiff and the California Class Members suffered and continue to suffer substantial losses, including lost earnings and interest.

185.    Defendants' willful failure to pay the former employees the wages due and owed to them constitutes a violation of Labor Code §§ 201-202. As a result, Defendants are liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

186.    In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, the former employees are entitled to penalties pursuant to Labor Code § 203, plus interest.

187.    Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

## NINTH CAUSE OF ACTION
### Violation of California's Unfair Business Practices
### Cal. Business & Professions Code §§ 17200, *et seq.*
### (On Behalf of Plaintiff and the California Class)

188.    All previous paragraphs are incorporated as though fully set forth herein.

189.    California Business and Professions Code §§ 17200, *et seq.* prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

190.    "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200

191.    "[T]he term person shall mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons." Cal. Bus. & Prof. Code § 17201.

192.  California Business & Professions Code § 17203 provides that the Court may make such orders or judgements as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

193.  As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the California Class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

194.  Business and Professions Code § 17206 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the California Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

195.  California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

196.  California Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

197.  Defendants' standardized acts and practices described throughout constitute unfair, unlawful, and fraudulent business practices and unfair competition, within the meaning of the UCL. These acts and practices have, *inter alia*, taken from Plaintiff and the California Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

198.  As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the California Class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

199.  Plaintiff's success in this action will enforce important rights affecting the public

interest and, in that regard, Plaintiff sues on behalf of himself and others similarly situated. Plaintiff and the California Class seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

200.    Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

## TENTH CAUSE OF ACTION
### Penalties Pursuant to § 2699(a) of the Private Attorneys General Act
### (By Plaintiff against Defendants)

201.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

202.    California Labor Code § 2699(a) provides:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

203.    California Labor Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

204.    California Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any

applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

205.   California Labor Code § 558(a) provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(3) Wages recovered pursuant to this section shall be paid to the affected employee.

206.   Plaintiff seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendants, as alleged above, to timely pay all wages owed to Plaintiff and each potential Class Member in compliance with Labor Code §§ 201-202 in the amounts established by Labor Code § 203. Plaintiff seeks such penalties as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

207.   Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendants, alleged above, to provide Plaintiff and each Class member an accurate, itemized wage statement in compliance with Labor Code § 226(a) in the amounts established by Labor Code § 226(e). Plaintiff seeks such penalties as an alternative to the penalties available

1   under Labor Code § 226(e), as prayed for herein.

2   208.   Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each

3   failure by Defendants, alleged above, to provide Plaintiff and each Class member compliant meal

4   and rest periods in compliance with Labor Code § 512.

5   209.   Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each

6   violation of Labor Code § 510, alleged above, as well as any provision regulating hours and days

7   of work in any order of the IWC.

8   210.   Pursuant to Labor Code § 2699.3(a)(1) and (2), on August 24, 2021, Plaintiff

9   provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention

10  to file this claim. Sixty-five calendar days have passed without notice from the LWDA. Plaintiff

11  satisfied the administrative prerequisites to commence this civil action in compliance with §

12  2699.3(a).

13  211.   Plaintiff seeks the aforementioned penalties on behalf of the State, other

14  aggrieved employees, and himself as set forth in Labor Code § 2699(g)(i).

15  212.   Defendants are liable to Plaintiff, the Class, and the State of California for the

16  civil penalties set forth in this Complaint, with interest thereon. Plaintiff is also entitled to an

17  award of attorneys' fees and costs as set forth below.

18  213.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

19                    **ELEVENTH CAUSE OF ACTION**
                **Penalties Pursuant to § 2699(f) of the Private Attorneys General Act**
20                    **(By Plaintiff against Defendants)**

21  214.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

22  forth herein.

23  215.   California Labor Code § 2699(f) provides:

24          For all provisions of this code except those for which a civil penalty is
            specifically provided, there is established a civil penalty for a violation of
25          these provisions, as follows: . . . (2) If, at the time of the alleged violation,
            the person employs one or more employees, the civil penalty is one hundred
26          dollars ($100) for each aggrieved employee per pay period for the initial
            violation and two hundred dollars ($200) for each aggrieved employee per

28

pay period for each subsequent violation.

216.   To the extent than any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for Plaintiff and Class members each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699(f).

217.   Pursuant to Labor Code § 2699.3(a)(1) and (2), on August 24, 2021, Plaintiff has provided the LWDA with notice of his intention to file this claim. Sixty-five calendar days have passed without notice from the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

218.   Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and themselves as set forth in Labor Code § 2699(g)(i).

219.   Defendants are liable to Plaintiff, the Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

220.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a.   An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b.   Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

c.   An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the California Class;

d.   Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and all other laws of the State of California;

e.   For a declaratory judgment that Defendants violated the California Labor Code and public policy as alleged herein;

f.  For a declaratory judgment that Defendants violated Business and Professions Code § 17200, *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

g.  For a declaratory judgment that Defendants violated the Fair Labor Standards Act as alleged herein;

h.  For an order awarding Plaintiff, the Collective, California Class, and all aggrieved employees liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff, the Collective, the California Class, ad all aggrieved employees together with interest on these amounts, according to proof;

i.  For an order awarding Plaintiff and the Collective civil penalties pursuant to the FLSA with interest thereon;

j.  For an order awarding Plaintiff and the California Class civil penalties pursuant to the Labor Code provisions cited herein, with interest thereon;

k.  For an order awarding Plaintiff and the California Class exemplary damages pursuant to California law;

l.  For an award of reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the FLSA, laws of the state of California, and/or other applicable law;

m.  For all costs of suit;

n.  For interest on any damages and/or penalties awarded, as provided by applicable law; and

o.  For such other and further relief as this Court deems just and proper

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: November 12, 2021                    Respectfully submitted,

/s/ Sophia Rios
Sophia Rios (SBA 305801)
**BERGER MONTAGUE PC**
401 B Street, Suite 2000
San Diego, CA 92101
Tel: (619) 489-0300
srios@bm.net

CLASS AND COLLECTIVE ACTION COMPLAINT

Camille Fundora Rodriguez, *pro hac vice forthcoming*
Daniel F. Thornton, *pro hac vice forthcoming*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4620
crodriguez@bm.net
dthornton@bm.net

*Attorneys for Plaintiff and the
Proposed Collective and Class*